UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARION TAYLOR**, on behalf of themself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>**DEVANSH LAB WERKS, INC.,**<br><br>    Defendant. | **Case No. 3:23-cv-2760**<br><br>**Jury Demanded** |

PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Marion Taylor ("Plaintiff"), individually and on behalf of similarly situated persons, brings this Fair Labor Standards Act ("FLSA") suit against Defendant Devansh Lab Werks, Inc. ("Defendant"), showing in support as follows:

## I.    NATURE OF SUIT

1.    The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.    Defendant failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was not paid time-and-one-half of her regular rate of pay for all hours worked in excess of 40 hours per workweek.

3.     Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.     THE PARTIES

### A. Plaintiff Marion Taylor

4.     Plaintiff Marion Taylor is an individual residing in Tarrant County, Texas. She has standing to file this lawsuit.

5.     Plaintiff was a mobile phlebotomist employee of Defendant, who reported to Defendant's offices in Irving, Texas. She was employed from approximately September 2021 until February 2022.

6.     Plaintiff's consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as "Exhibit A."

### B. Putative Collective Action Members

7.     Plaintiff brings this action on behalf of herself and on behalf of other similarly situated workers nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to conditionally certify a collective action composed of the putative Collective Action Members defined as follows:

> All current and former non-exempt, hourly-paid employees who worked for the Defendant in Texas, Alabama, or Virginia at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

8.     Plaintiff reserves the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

9.     Plaintiff seeks to represent the putative Collective Action Members for damages due to unpaid overtime wages pursuant to the FLSA. Plaintiff is similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

### C.     Defendant Devansh Lab Werks, Inc.

10.     Defendant Devansh Lab Werks, Inc. is a corporation formed under the laws of the state of Alabama.

11.     Defendant may be served with process through its registered agent, Sudhakar Kancharla, located at 100 Bordeaux Sq., Irving, Texas 75038, or wherever they may be found.

12.     At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

13.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

14.     Pursuant to Defendant's website, at all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

## III.    JURISDICTION AND VENUE

15.     This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b). The United States District Court for the Northern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## IV.    FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

17.     Plaintiff worked for Defendant as nonexempt, hourly-paid employee, providing clinical laboratory services to Defendant's customers.

18.     Defendant employs individuals throughout Texas, Alabama, and Virginia.

19.     All the putative Collective Action Members were similarly classified as hourly-paid, nonexempt employees and performed substantially similar job duties as the Plaintiff.

20.     Plaintiff worked for Defendant in the State of Texas from on or about September 2021 until February 2022.

21.     In many workweeks, Plaintiff was paid for precisely forty hours of work, although she frequently worked more than forty hours in those workweeks.

22.     When Plaintiff worked over forty hours in a workweek which happened frequently, Plaintiff and similarly situated individuals were eligible to receive overtime wages.

23.     However, Defendant typically required its employees to perform uncompensated work "off-the-clock" before and after their scheduled shifts. Plaintiff was required to perform "off-the-clock" duties after their shift had ended including scheduling appointments, completing paperwork, and speaking with patients. The time that Plaintiff and similarly situated individuals spent completing these pre- and post-liminary duties without pay was more than *de minimus*.

24.     Defendant's failure to compensate Plaintiff for work she performed "off-the-clock" resulted in overtime violations.

25.     Now, as the result of Defendant's failure to pay for time worked "off-the-clock," Plaintiff is entitled not only to back wages, but also to an equal amount of that overtime pay as liquidated damages and other relief including attorneys' fees.

26.     Such overtime violations occurred regularly throughout Plaintiff's employment. Similar overtime violations occurred with respect to the putative Collective Action Members.

27.     Defendant's failure to pay for work performed "off-the-clock" was not limited to weeks in which Plaintiff and the putative Collective Action Members worked overtime.

28.     On information and belief, this policy or practice of Defendant failure to pay for mandatory pre- and post-liminary work performed "off-the-clock" was uniformly and consistently applicable to all of its employees across the country.

29.     The above-described mandatory work time completed "off-the-clock" was not included in Plaintiff's and putative Collective Action Members' itemized wage statements.

30.     Defendant willfully did not pay Plaintiff and putative Collective Action Members the sums due pursuant to work performed "off-the-clock."

31.     Defendant either knew or should have known that Plaintiff was required to work "off-the-clock." Defendant could have easily determined how long it took for its employees to complete duties performed "off-the-clock" or could have permitted Plaintiff and similarly situated employees to "clock in" as soon as they began performing job duties and "clock out" when they were fully relieved of duty.

32.     Defendant intentionally and/or willfully failed to pay Plaintiff and putative Collective Action Members all wages owed in violation of the FLSA.

## V.     FLSA CLAIMS FOR MINIMUM WAGES, STRAIGHT TIME COMPENSATION, AND OVERTIME PAY

### A.     FLSA Coverage

33.     At all times relevant to this lawsuit, Defendant is/was an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

34.     At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

35.     At all times relevant to this lawsuit, Defendant employed hundreds of employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

36.    At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

**B. FLSA Allegations**

37.    The FLSA applied to Plaintiff and the putative Collective Action Members as hourly-paid employees of Defendant at locations in Texas, Alabama, and Virginia.

38.    On information and belief, hundreds of hourly-paid employees worked for Defendant in connection with its laboratory services enterprise during the three years preceding the filing of this action.

39.    During the relevant time period, Plaintiff and the putative Collective Action Members performed uncompensated work as required by Defendant before and after their shifts.

40.    Defendant's requirement that Plaintiff perform work "off-the-clock" without compensation violated the FLSA's overtime provisions. 29 U.S.C. § 206, 207.

41.    Finally, federal law requires employers to make and keep accurate and detailed payroll data for nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Because of the work that Plaintiff and the putative Collective Action Members were required to complete "off-the-clock," Defendant has failed to keep accurate records pursuant to the foregoing requirements.

## C. Collective Action Allegations

42.    Plaintiff seeks to bring their claims under the FLSA on behalf of themselves and all other nonexempt hourly-paid employees who were required to complete mandatory pre- and post-liminary tasks without compensation in the three years immediately preceding the date on which this action was filed and continuing through the date on which final judgment is entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

43.    Plaintiff has actual knowledge that putative Collective Action Members have been denied wages for hours worked in each workweek. Plaintiff worked with other nonexempt hourly-paid employees who similarly did not receive compensation for time worked outside of scheduled shifts. This resulted in personal knowledge of the treatment of their co-workers at those locations. Furthermore, other nonexempt hourly-paid employees have shared with the Plaintiff that they experienced similar pay violations as those described in this Complaint.

44.    The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on an hourly-pay basis relative to providing laboratory services on behalf of Defendant as employees, and receiving no compensation for required work performed outside of scheduled shifts.

45.    The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

46.    Defendant's failure to pay overtime compensation in connection with mandatory pre- and post-liminary work results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

47.    The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

48.     Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

49.     Plaintiff proposes the class of putative Collective Action Members be defined as:

> All current and former non-exempt, hourly-paid employees who worked for the defendant in Texas, Alabama, or Virginia at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied overtime wages in connection with Defendant's policy and/or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

## VI.    CAUSE OF ACTION—VIOLATION OF THE FLSA

50.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

51.     The foregoing conduct, as alleged, violated the FLSA.

52.     Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

53.     Defendant was and is required to pay its employees, Plaintiff and the putative Collective Action, overtime premiums in the amount of one and one-half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

54.     Defendant failed to pay Plaintiff and the putative Collective Action their federally mandated overtime wages for all hours worked over forty in a given workweek due to its policy or practice of requiring mandatory pre- and post-shift work to be completed off-the-clock without any compensation.

55.     Defendant's conduct was willful and done to avoid paying overtime. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

56.    Plaintiff seeks all damages to which they are entitled under the FLSA, including their back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

## VII.    DAMAGES AND PRAYER

57.    Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b.    For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d.    For an Order awarding Plaintiff (and those who may join in the suit) pre- judgment and post-judgment interest at the highest rates allowed by law; and

e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *Katherine Serrano*
Katherine Serrano
Texas Bar No. 24110764
**FORESTER HAYNIE PLLC**
400 N. St. Paul Street, Suite 700

Dallas, Texas 75201
(214) 210-2100 phone
kserrano@foresterhaynie.com

**ATTORNEY FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made to Defendant with summons to be issued by the clerk in accordance with the Federal Rules of Civil Procedure.


/s/ *Katherine Serrano*
Katherine Serrano